UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES FISHER,

        Plaintiff,

v.                                  CASE NO. 3:15-cv-1356-J-34MCR

STATE OF FLORIDA, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in

District Court Without Prepaying Fees or Costs ("Application") (Doc. 2) and

Motions for Warrant of Arrest (Docs. 3 and 5).  For the reasons stated herein, the

undersigned recommends that the Application be **DENIED,** the case be

**DISMISSED without prejudice**, and all other pending motions be

**TERMINATED**.

A court receiving an application to proceed *in forma pauperis* must dismiss

the action *sua sponte* if the action "(i) is frivolous or malicious; (ii) fails to state a

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy." *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.  *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).  A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639.  The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong.  *Id.*  A district court should order a § 1915 dismissal only when a claim lacks an arguable basis in law*.  Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Claims may lack an arguable basis in law because of either factual or legal inadequacies.  *Id.*

Additionally, The Court must *sua sponte* dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction."  Fed. R. Civ. P. 12(h)(3); s*ee also Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 470 (11th Cir. Nov. 20, 2013) (per curiam) ("If at any time the district court determines that it lacks subject matter jurisdiction, the court must dismiss the action.") (internal quotation marks omitted); *Walker v. Sun Trust Bank of Thomasville, GA*, 363 F. App'x 11, 15 (11th Cir. Jan. 19, 2010) (per curiam) ("[A] district court may *sua sponte* consider whether it has subject matter jurisdiction over a plaintiff's claims.").

> Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists where the plaintiffs and defendants are citizens of different states, and the amount in controversy exceeds $75,000. . . . Absent diversity of citizenship, a plaintiff must present a substantial federal question in order to invoke the district court's jurisdiction.

*Walker*, 363 F. App'x at 15 (internal quotation marks omitted). "[E]ven a claim that arises under federal law may be dismissed for lack of subject matter jurisdiction if (1) the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction, or (2) the claim is wholly insubstantial and frivolous." *Blankenship*, 551 F. App'x at 470 (internal quotation marks omitted). A claim is wholly insubstantial and frivolous if it "has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." *Id.* at 470-71 (internal quotation marks omitted).

The undersigned recently recommended dismissal of a case filed by Plaintiff requesting an order granting him custody and guardianship of an individual named Travis Ross. *See Fisher v. Ross*, Case No. 3:15-cv-1525-J-34MCR (M.D. Fla. Jan. 14, 2016). Plaintiff now seeks relief from this Court against the Honorable James Daniel, a state circuit court judge, who denied his petition for temporary injunction.[2] It appears Plaintiff sought the temporary injunction to issue against Travis Ross and alleged that he was in imminent harm

---

[2] Plaintiff filed an amended complaint adding the Honorable Thomas Beverly, a state circuit court judge, as a co-defendant. The basis of the claim against Judge Beverly is unclear.

3

of becoming a domestic violence victim. (Docs. 1 and 4-1.)

It should be noted that Plaintiff has filed numerous cases in this Court throughout the years and the vast majority of those have been dismissed as frivolous or due to a failure to state a claim upon which relief may be granted. *See, e.g., Fisher v. Fla. Dept. of Corrections*, Case No. 3:11-cv-219-J-99TJC-TEM, 2011 WL 1058912 at *3 (M.D. Fla. Mar. 21, 2011) ("Plaintiff has been filing *pro se* actions in this Court for over ten years.  The vast majority of Plaintiff's *pro se* actions have been dismissed either as frivolous or due to a failure to state a claim upon which relief may be granted.").  Plaintiff fails to present a different scenario in this case.

As an initial matter, Plaintiff failed to adequately allege subject matter jurisdiction and the case should be dismissed on that basis alone.  Although Plaintiff failed to allege any statutory basis for subject matter jurisdiction, it is clear that he seeks review of a state circuit court order.  Such review is precluded by the *Rooker-Feldman* doctrine.  Under the *Rooker-Feldman* doctrine, a federal district court lacks subject-matter jurisdiction to directly or indirectly review an unfavorable state judgment.  *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923).  As stated recently by Judge Davis in another case filed by a plaintiff proceeding *pro se* seeking similar relief as the relief sought here:

> [F]ederal district courts are without jurisdiction to interfere with

state-court actions that are pending or that have been completed.  Thus to the extent Plaintiff requests that this Court review his state-court proceedings, this Court lacks the jurisdiction to do so.  "[T]hat task is reserved for [Florida] appellate courts or, as a last resort, the United States Supreme Court."

[T]o the extent that Plaintiff requests an Order vacating or otherwise invalidating the [state court] Order, this Court is without jurisdiction to order that relief as well.

*MacLeod v. Scott et al.*, Case No.: 3:14-cv-794-J-39MCR (Doc. 25 at 6-7 (internal citations and footnotes omitted)). For these same reasons, Plaintiff's case should be dismissed pursuant to Fed. R. Civ. P. 12(h)(3).

Moreover, a review of Plaintiff's Complaint reveals it lacks an arguable basis in law.  In a five-page, handwritten, rambling complaint, and a one-page, handwritten amended complaint, Plaintiff appears to be attempting to sue the State of Florida, Judge Daniel, and Judge Beverly, for denying his petition for temporary injunction.  (Docs. 1 and 4.)  Plaintiff apparently seeks relief in the form of a trial by jury, one million dollars, and an order directing the circuit court to grant his petition for temporary injunction.  (*Id.*)  Plaintiff also apparently seeks criminal relief in the form of an arrest warrant to issue against Judges Daniel and Beverly.

Given the Defendants named in this case, it appears to the undersigned that Plaintiff may be attempting to assert a cause of action pursuant to 42 U.S.C. § 1983.  To the extent Plaintiff asserts claims against the State of Florida, such

claims must fail as they are barred by sovereign immunity.  *See, e.g., Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999), *cert. denied*, 529 U.S. 1012 (2000) ("The [Eleventh] Amendment not only bars suits against a state by citizens of another state, but also applies equally to suits against a state initiated by that state's own citizens.").

To the extent Plaintiff seeks either monetary relief or injunctive relief against individual judges, such claims must fail as well.  To the extent Plaintiff seeks monetary damages, Defendants Daniel and Beverly would be entitled to absolute judicial immunity.  It is well settled that judges are absolutely immune from civil liability for any acts performed in their judicial capacity, providing such acts are not performed in clear absence of all jurisdiction.  *Reitmire v. Florida Atty. Gen.*, No. 2:07-cv-620-FtM-29DNF, 2008 WL 341439, at *2 (M.D. Fla. Feb. 5, 2008) (citing *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000); *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978); and *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996)).  A judge does not act in the "clear absence of all jurisdiction" when his/her actions are in error, malicious, or in excess of his/her jurisdiction; but instead, only when he/she acts without subject-matter jurisdiction.  *Dykes v. Hosemann*, 776 F.2d 942, 947-48 (11th Cir. 1985).  Here, construing Plaintiff's Complaint liberally,[3] the acts about which Plaintiff complains were

---

[3] The pleadings of *pro se* litigants, like Plaintiff, must be construed liberally and "are held to less stringent standards than formal pleadings drafted by lawyers."  *Hughes*
(continued...)

committed during proceedings conducted in a judicial capacity and not in the absence of subject-matter jurisdiction.  Judges Daniel and Beverly are entitled to judicial immunity.

As for any claim for equitable relief by Plaintiff, such would not necessarily be precluded by judicial immunity.  The Federal Courts Improvement Act of 1996, which amended 42 U.S.C. § 1983, provided that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable."  *Bolin*, 225 F.3d at 1242.  As Plaintiff has failed to plead the existence of either of these exceptions, the complaint and amended complaint are subject to dismissal to the extent they request injunctive relief.

To be entitled to declaratory relief, a plaintiff must show, among other things, that he lacks an adequate remedy at law.  *Bolin*, 225 F.3d at 1242-43.  An adequate remedy at law exists where the acts of the judicial officer can be reviewed on appeal or by extraordinary writ.  *Id.* at 1242.  In the instant case, Plaintiff has not alleged he has no adequate remedy at law.  Moreover, because Plaintiff could have resorted to the Florida appellate courts in order to obtain review of the ruling, he cannot allege he lacks an adequate remedy at law.  *See, e.g., West v. Jones*, Case No. 1:14-cv-02298-VEH, 2015 WL 2450538 at *5 (N.D.

---

[3](...continued)
*v. Rowe*, 448 U.S. 5, 9 (1980) (per curium).

Ala. May 22, 2015) ("[The plaintiff] also cannot obtain declaratory or injunctive relief under § 1983 if he had an adequate remedy at law, including appellate review in the state courts with respect to an allegedly improper judicial ruling. [The Plaintiff] had an adequate remedy at law, for he could have resorted to the Alabama appellate courts in order to obtain review of the rulings made by Judge Jones.") (internal citations omitted).

Finally, the undersigned also notes that Plaintiff appears to be seeking criminal relief in this matter.  Plaintiff is instructed this Court cannot order an individual arrested under the circumstances presented.  Therefore, to the extent Plaintiff seeks such relief, he is advised to contact his local law enforcement office.

Although a *pro se* plaintiff is ordinarily given an opportunity to amend his complaint out of an abundance of caution, it is clear in this case, even when construing the allegations in the Complaint liberally, that permitting Plaintiff to proceed *in forma pauperis* would be inappropriate, particularly in light of Plaintiff's history of filing numerous, non-meritorious actions in this Court.  *See Neitzke*, 490 U.S. at 324 ("Congress recognized . . . that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.  To prevent such abusive or captious litigation, § 1915(d) authorizes federal courts to dismiss a claim filed *in forma pauperis* . . . .").

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The Application (**Doc. 2**) be **DENIED** and the case be **DISMISSED**

**without prejudice** for the reasons stated above.

2.      The Clerk of Court be directed to terminate any pending motions and

close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on January 21, 2016.


MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE


Copies to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro Se* Plaintiff